In re Appeal of Matthews

IN THE MATTER OF: THE APPEAL OF JOHN M. MATTHEWS, WINSTON-SALEM, NORTH CAROLINA, FROM AN ACTION OF THE PROPERTY TAX COMMISSION SITTING AS THE STATE BOARD OF EQUALIZATION AND REVIEW

No. 7621SC225

(Filed 4 August 1976)

Taxation § 25— property subject to discovery — failure to list — time of acquisition

　　The Property Tax Commission properly determined that certain carpets, blinds and appliances owned by petitioner and placed in his apartment complex were subject to discovery and were properly appraised and assessed for taxation where the Commission found that the property in question was acquired after January 1969 (subsequent to the 1968 reappraisal of the apartments in which it was located) and that the property had never been listed for taxation either as acquisitions of personal property or improvements to real estate.

APPEAL by petitioner from *Seay, Judge.* Judgment entered 13 November 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 June 1976.

In the judgment from which petitioner appealed the court affirmed a decision of the Property Tax Commission, sitting as the State Board of Equalization and Review. In essence, the county contended that petitioner had failed to list certain carpets, blinds and appliances owned by him and placed in his apartment complex. Acting under the "Discovery" statutes the county proceeded to list, appraise and assess the property for taxation. The Commission determined that the property was subject to discovery and was properly assessed by the county in the following amounts.

|      | "APPRAISED VALUE | ASSESSED VALUE |
|------|------------------|----------------|
| 1970 | $18,165          | $10,540        |
| 1971 | 16,464           | 9,550          |
| 1972 | 15,202           | 8,820          |
| 1973 | 23,822           | 13,820"        |

In apt time, petitioner sought judicial review of that decision. The court reviewed the record made before the Commission, the briefs and argument of the parties and concluded (1) that the findings of fact by the Commission were supported by the evidence, and (2) that the conclusions of law

were in accord with applicable law. The final decision of the Commission was affirmed.

Petitioner appealed.

*Philip B. Whiting and T. Paul Hendrick, for petitioner appellant.*

*P. Eugene Price, Jr., and Richard L. Goard, for respondent appellee.*

VAUGHN, Judge.

In passing upon the appeal from the Property Tax Commission, the Superior Court was limited in its inquiry to two questions of law: (1) whether there was any competent evidence to support its findings of fact, and (2) whether the findings of fact justify its legal conclusions and decisions. We hold that the court properly concluded that each question should be answered in the affirmative. In doing so, it is not necessary for us to reach or decide most of the questions so ably researched and briefed by petitioner.

In our view, the two critical findings of fact are that the property in question was acquired after January, 1969 (subsequent to the 1968 reappraisal of the apartments in which it is located) and that the property had never been listed for taxation either as acquisitions of personal property or improvements to real estate. The finding that all of the property made the subject of discovery was acquired after January 1969 is, among other places, supported by the record in the testimony of Tax Supervisor Pardue and the Exhibits labeled T # 46 and T # 47.

The record also supports the finding that the property had not been properly listed for tax purposes, either as acquisitions of personal property or addition to real estate. It is not necessary, therefore, to determine whether the subject property is real or personal. The statutes place the affirmative duty to list on the taxpayer. There is nothing in any of the statutes cited by petitioner that relieves him of that duty. The taxpayer having failed to list the property, it became the duty of the appropriate county official to list, appraise and assess the property for taxes.

If the subject property had been owned at the time of the 1968 reappraisal of apartments in which it is located, many of

the other arguments advanced by petitioner would require resolution and the solution would be more complex.

The judgment of the Superior Court is affirmed.

Affirmed.

Judges MORRIS and CLARK concur.